UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:                                                                                          Chapter 11

THE FORT LAUDERDALE                                                   Case No. 13-14289-RBR
BRIDGE CLUB, INC.

      Debtor.
_____/

## DEBTOR'S RENEWED MOTION
## FOR DETERMINATION THAT ARBITRATION CLAIM IS DERIVATIVE

THE FORT LAUDERDALE BRIDGE CLUB, INC. (the "Debtor"), by and through undersigned counsel, pursuant to 11 U.S.C. 362 and all other applicable law, files this its motion to allow Samuel D. Rosen limited relief from the automatic stay and to Determine that Arbitration Claim is Derivative and states:

1. On February 26, 2013 (the "Petition Date"), Debtor filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since that time, the Debtors have operated as Debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. As of the date hereof, no creditors committee has been appointed in this case. In addition, no trustee or examiner has been appointed.

3. The Debtors is operating its business and managing its affairs as Debtor in Possession pursuant to 11 U.S.C. §§1107(a) and 1108.

4. The Fort Lauderdale Bridge Club, Inc. ("Bridge Club") is a non profit 501(c) (7) Florida Corporation and has managed and operated a bridge club in Fort Lauderdale, Florida since 1958.

5. The Debtor previously filed a Motion to Allow Samuel D. Rosen Limited Relief from

the Automatic Stay and Determine that Arbitration Claim is Derivative or Alternatively to Stay Claim (D.E. 19). A hearing was held on April 16, 2013, and the Motion was denied without prejudice.

6. The Court did not hear argument as to the issue raised regarding a determination as to whether a pending Arbitration Claim filed by Mr. Rosen is derivative and therefore property of the estate as asserted by the Debtor.

### THE ARBITRATION CLAIM FILED BY MR. ROSEN (ROSEN IV) IS CLEARLY DERIVATIVE AND PROPERTY OF THE ESTATE

7. Mr. Rosen recently filed an Arbitration Claim against several members of the Board. See Exhibit "E" to the Debtor's Motion to Allow Limited Stay Relief (D.E.19) The Debtor submits that the Arbitration Claim is clearly a derivative claim and property of the bankruptcy estate. Mr. Rosen disagrees and asserts the Arbitration claim is a direct action.

8. Under well-established Florida law, a shareholder cannot sue in the shareholders name for injuries to a corporation unless there is a special duty between the wrongdoer and the shareholder and the shareholder has suffered an injury separate and distinct from that suffered by other shareholders. Karten v. Woltin, 23 So. 3d 839 (Fla. 4th DCA 2009). The Court must look to the body of the complaint to determine whether injury is direct to the shareholder or to the corporation. Id. at 841.

9. In Karten, the person bringing the claim was one of three shareholders of a corporation which owned a restaurant, Louie Louie Too. The claimant owned 25% of the corporation and the other two members owned 50% and 25% respectively. Karten alleged a breach of fiduciary duty asserting that the other two shareholders combined their interests to control the corporation and

2

deprive Karten of profits. He alleged they started a competing restaurant and that they approved an excessive salary for one of the shareholders. Mr. Karten claimed he was the only shareholder damaged by appellees actions. The trial court entered summary judgment finding that the claims by Karten were derivative claims. The Fourth District Court of Appeals affirmed holding that none of the allegations of injuries and mismanagement constitute the type of individualized harm required to file a direct action and avoid the strictures of a derivative action under section 607.07401.

10.     In the case at bar, it is even more clear and evident from Mr. Rosen's Arbitration claim that the claim is a derivative claim. As set forth by Karten, the Court must look to the body of the complaint. Mr. Rosen's Arbitration claim provides as follows:

### NATURE OF THE DISPUTE

> This Arbitration presents several questions of corporal governance arising, inter alia, from the December 31, 2012 election of new Board Members by the membership of the Club and December 31 2012 approval by the membership of several substantial changes to the Club's By Laws. The essential claim against each respondent is that in these actions and others each of the Respondents violated their fiduciary duty to the membership to the 750 members of the Club by their misfeasance, malfeasance, and outright dishonesty in self interest dealings (e.g. The Club funds paid to Polenberg for the benefit of Bozek ,et al). No claim is made here against the Bridge Club itself and it is not a party hereto)

11.     The allegations speak for themselves and if the Arbitration claim is not a derivative claim than nothing is. The claim alleges breach of duty to all members concerning amended by laws that apply equally to all members and seeking apparent return of Club funds allegedly taken by the respondents to pay lawyers (Polenberg) to defend Bozek (the PRESIDENT) and others. If the claim had merit, these funds would obviously go back to the Club, not Mr. Rosen. Under the clear standard set forth under Florida law, the claim is derivative as a matter of law. Karten v. Woltin, 23 So 3d 839 (Fla. 4th DCA 2009).

3

12. The Debtor requests that this court rule on such issue as Mr. Rosen is seeking to proceed with the action which has no right to do if the action is a derivative action as it is well established that upon the commencement of a bankruptcy proceeding derivative actions become property of the estate and the right to continue or bring derivative actions vests solely in the debtor in possession. <u>In re General Development Corporation</u>, 179 B.R.335 (S.D. Fla. 1995); Matter of Consolidated Bancshares, 785 F.2D 1249, 1253-54 (5th Cir 1986). <u>In re American of Ashburn, Inc.</u>, 805 F2d 1515 (11th Cir 1986).

**WHEREFORE**, the Debtor respectfully requests the Court to enter an order determining that the Arbitration claim, Rosen IV, is derivative in nature as asserted by the Debtor and therefore precluding Mr. Rosen from prosecuting such claim and such other and further relief this court deems just and proper.

Dated: 4/30, 2013.

Respectfully submitted,

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court of the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

GAMBERG & ABRAMS
*Attorneys for Debtor*
1776 North Pine Island Road, Suite 309
Fort Lauderdale, Florida 33322
Telephone:    (954) 523-0900
Facsimile:    (954) 915-9016
E-mail:    tabrams@tabramslaw.com

By: /s/ Thomas L. Abrams
    Thomas L. Abrams, Esquire
    Florida Bar No. 764329