UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                              Case No.: 13-14289-RBR
                                                                    Chapter 11
THE FORT LAUDERDALE
BRIDGE CLUB, INC.,

     Debtor.
_____/

## MOTION TO DISMISS CHAPTER 11 CASE

COMES NOW Samuel D. Rosen ("Rosen") on his own behalf and by and through his undersigned co-counsel, and moves the Court pursuant to 11 U.S.C. §1112(b)(1) for an order dismissing this chapter 11 case, and for cause alleges:

### Introduction

Rosen seeks by this motion dismissal of this case. The basis of this motion is that this Chapter 11 proceeding was filed by the Debtor in bad faith. The subsequent appointment of a chapter 11 trustee does not alter these issues. This case involves what is essentially a two party dispute between the Debtor and Rosen by virtue of various litigation claims filed by Rosen in his own behalf and derivatively on behalf of the Debtor against third parties. This proceeding was filed primarily for the protection of third parties and not the Debtor. The Debtor can only benefit from the derivative claims filed on its behalf.

In addition, the Debtor is losing money, not because of the actions of Rosen, and cannot demonstrate the ability to reorganize over objections of Rosen. Rosen is the only legitimate creditor of this Debtor other than perhaps some de minimus claims caught up in the timing of the filing. All other ostensible creditor claims are not legitimate and are in fact improper alleged indemnification claims brought by the wrongdoers who are the target of the derivative actions. As a matter of law these wrongdoers cannot seek indemnification from the Debtor for liability for money improperly taken from the Debtor.

As will be further demonstrated the actions of the Debtor have constituted gross mismanagement of this Estate. The fiduciary duty of the Debtor-in-Possession was owed to its

legitimate creditors primarily Rosen. Not to the wrongdoers who have taken money from the Estate. The fiduciary duty of the Debtor-in-Possession further required cooperation in the collection of monies owed to the Estate which are the subject of the derivative actions and not the use of this Chapter 11 proceeding as a road block to such recoveries. The appointment of Kenneth A. Welt as Chapter 11 Trustee does not alter or excuse the Debtor's bad faith and does not obviate the need for dismissal of these proceedings. Despite the best intentions of the Chapter 11 Trustee there remains a substantial inability to reorganize and in fact the existence of the Chapter 11 Trustee and his professionals serves to do no more than accelerate the dissipation of assets of this Estate to pay for administrative expenses. Again, this is not the fault of the Chapter 11 Trustee simply the circumstances applicable to this case.

As will be demonstrated by this motion this case should be dismissed.

## Allegations Justifying Dismissal

1. This case was commenced by the filing of a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code on February 26, 2013.

2. On May 9, 2013, the Court entered its Order Appointing a Chapter 11 Trustee (DE #61) and Kenneth A. Welt was appointed as Chapter 11 Trustee (DE #63).

3. As set forth more specifically below, Rosen is the only significant creditor of the Debtor and this chapter 11 case was filed in bad faith and for the sole purpose of staying the litigation filed by Rosen against the Debtor and third parties who include the President and other officials of the Debtor.

4. Pursuant to the provisions of 11 U.S.C. §1112(b)(1) cause exists for the dismissal of this chapter 11 case and it is in the best interest of creditors and the Estate for this case to be dismissed.

5. There is a complete absence of a reasonable likelihood of rehabilitation of this Debtor and the continued administration of this case in chapter 11 is causing substantial and continuing loss to and diminution of the Debtor's Estate.

6. The Debtor grossly mismanaged the Estate in this chapter 11 case prior to the appointment of the Trustee; refused to take actions necessary to protect the interest of creditors and the property of the Estate; and the Debtor's management acted in its own self interest and not in the best interest of the creditors and the Estate.

7. The Trustee is unable to propose and confirm a plan in this case acceptable to the creditors and specifically acceptable to Rosen.

8. Due to the size and nature of Rosen's claims, a plan cannot be confirmed in this case over Rosen's objection. These claims are as follows:

A) Rosen I

   (i) Counts I and II: approximately $150,000 in lost profits re: Rosen, Bridge Book and/or recover of time and money invested in it (Rosen has already won summary judgment of liability on Count I);

   (ii) Count III: Same as Counts I and II, plus punitive damages;

   (iii) Count VII, VIII, IX and X – defamation claims - $50,000 in compensatory including actual damages, plus punitive damages;

   (iv) Plus taxable costs and expenses of approximately $35,000 to date and attorney's fees of approximately $175,000 to date

B) Rosen II

   (i) Derivative Count I and II – Rosen has already won summary judgment and final judgment entered. Taxable costs plus attorney's fees - $30,000, plus costs of litigating those items

   (ii) Derivative Counts III through IX – approximately $10,000 in costs, expenses and attorney's fees incurred to date.

C) Rosen III

   Derivative Counts I through VIII – approximately $60,000 in costs, expenses and attorney's fees to date.

9. Pursuant to the Amended Schedules filed by the Debtor (DE #29) claims of other creditors are either de minimus or clearly invalid. As the Court will see by a plain review of Amended Schedule F, the majority of these claims are indemnification claims by officers or directors which relate to the actual misconduct of those individuals resulting in the liability asserted under the derivative claims. As a matter of law indemnity cannot be claimed against the Debtor for such conduct.

10. Filed with the prior Motion to Convert (DE #32) was the Affidavit of Rosen (DE #33). The Affidavit of Rosen sets forth in great detail the factual allegations which support this Motion to Dismiss and is incorporated herein by reference.

11. Based upon the circumstances of this case this chapter 11 case was filed in bad faith in what is essentially a two party dispute, and solely for the protection of third parties and not the Debtor.

**A. Standard for Dismissal of Chapter 11 Case – Lack of Good Faith**

Pursuant to Section 1112(b) of the Bankruptcy Code, absent unusual circumstances that establish that conversion or dismissal is not in the best interests of creditors and the estate, on request of a party in interest, the court shall convert or dismiss if the movant establishes "cause." 11 U.S.C. § 1112(b)(1). *In re 3 Ram, Inc.*, 343 B.R. 113, 117 (Bankr. E.D. Pa. 2006). Due to the circumstances of this case, Rosen submits that the appropriate remedy is dismissal. The enumerated examples of "cause" to convert or dismiss a chapter 11 case are now listed in § 1112(b)(4). While the provision lists nine examples of cause, the list is clearly not exhaustive. *In re Natural Land Corp.*, 825 F.2d 296, 298 (11th Cir. 1987). In pertinent part, legislative history states, "The court will be able to consider other factors as they arise, and use its equitable powers to reach an appropriate result in individual cases." *Id.* at 299, citing H.R. Rep. No. 595, 95 Cong. 1st Sess. 406 (1977). The Eleventh Circuit has construed that the equitable nature of this provision and combined with the legislative history support a finding that a debtor's lack of good faith may serve as a basis for conversion or dismissal of a petition. *Bal Harbour Club v. Ava Dev.*, 316 F.3d 1192 (11th Cir. 2003).

The Courts in the Eleventh Circuit have consistently found that "bad faith" constitutes "cause" under 11 U.S.C. 1112(b). *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393 (11th Cir. 1988) (listing factors evidencing bad faith). Specifically, the Eleventh Circuit stated in *Phoenix*

4

*Piccadilly* that "there is no particular test for determining whether a debtor has filed a petition in bad faith. Instead, the courts may consider **any factors** which evidence an, "'intent to abuse the judicial process and the purposes of the reorganization provisions.'" *Id*. at 1394 (*citing Albany Partners*, 749 F.2d at 674) (*emphasis added*); *In re Natural Land Corp.*, 825 F.2d 296, 298 (11th Cir. 1987); *Albany Partners Ltd. v. Westbrook*, 749 F.2d 670, 674 (11th Cir. 1984); *Cedar Shore Resort Inc. v. Mueller*, 235 F.3d 375, 378 (8th Cir. 2000)(holding dismissal proper where debtor filed for bankruptcy to prevent a lawsuit with no intent of effectuating a valid reorganization plan). Satisfaction of each factor is not necessary to establish bad faith. Instead, when the "conglomerate" of such is met, dismissal is appropriate, as "resorting to the protection of the bankruptcy laws is not proper" when "there is no hope of rehabilitation…". *In re: Little Creek Dev. Co.*, 779 F. 2d 1068 at 1073 (5th Cir. 1986).

The bankruptcy court has judicial discretion to evaluate the totality of circumstances in each case, determine whether those circumstances indicate a bad faith filing by the debtor and use its equitable powers to reach an appropriate result in individual cases. *Colonial Daytona L.P. v. American Savings of Florida*, 152 B.R. 966 (Bankr. M.D. Fla. 1993).

- B. **Bankruptcy Code Section 1112(b)(4)(A) – Substantial or Continuing Loss to or Diminution of the Estate and the Absence of a Reasonable Likelihood of Rehabilitation.**

Simply stated it appears that the Debtor has filed this bankruptcy proceeding as a holding action. *In re James Wilson Assoc.*, 965 F.2s 160, 170 (7th Cir. 1992). Cause for dismissal exists under the factors in 11 U.S.C. § 1112(b)(4)(A) when there is a substantial or continuing loss to or diminution of the estate <u>and</u> the absence of a reasonable likelihood of rehabilitation. *In re Vallambrosa Holdings*, 419 B.R. at 88 (emphasis added). This is a two-fold inquiry. *Id*. First of all, to determine if there exists substantial or continuing loss to or diminution of the estate, courts

5

often look for negative cash flow after the entry of an order for relief or a showing of actual depreciation in the value of estate property. *Loop Corp. v. U.S. Trustee*, 379 F.3d 511 (8th Cir. 2004). "Courts have held that a post-petition negative cash flow and an inability to satisfy current expenses constitute a loss to or diminution of the estate. *See, e.g. In re Galvin*, 49 B.R. 665, 669 (Bankr. D.N.D. 1985).

Second, a party seeking dismissal under 11 U.S.C. § 1112(b)(4)(A) must demonstrate the absence of a reasonable likelihood of rehabilitation. *Vallambrosa*, 419 B.R. at 89. "Rehabilitation" refers to successful maintenance or re-establishment of business operations. *Loop*, 379 F.3d at 515-16. Determining whether there is a likelihood of rehabilitation is not a "technical [test] of whether the debtor can confirm a plan, but rather, whether the debtor's business prospects justify continuance of the reorganization effort." *Vallambrosa*, 419 B.R. at 89 (*quoting In re Original IFPC S'holders, Inc.*, 317 B.R. 738, 742 (Bankr. N.D. Ill. 2004)).

Rehabilitation is not the same as "reorganization." *In re Kanterman*, 88 B.R. 26 (Bankr. S.D.N.Y. 1988). "Nevertheless, rehabilitation in a Chapter 11 begins with a confirmable plan. It then requires, at minimum, the prospect of re-establishment of a business." *Vallambrosa*, 419 B.R. at 89 *citing Loop*, 379 F.3d at 518.

In the instant case it is clear that Rosen is the only creditor of substance in this case. To the extent that there are any other creditor claims they are de minimus. Under the circumstances the Debtor cannot confirm a plan over the objection of Rosen and there is therefore an absence of a reasonable likelihood of rehabilitation as the Debtor's finances continue to diminish.[1]

---

[1] The monthly operating reports in this case may show what appears to be a small operating profit. However, this ignores the plain fact that the Debtor dissipated reserves necessary to make significant needed repairs including a roof reserve. These reserves were exhausted by the Debtor's management to improperly provide payment of legal fees to the individual perpetrators which are the subject of the derivative claims. When factoring the need to replenish these reserves, the Debtor is in a deficit position.

### C. Bankruptcy Code Section 1112(b)(4)(B) – Gross Mismanagement of the Estate.

Cause for dismissal also exists under the factors in 11 U.S.C. § 1112(b)(4)(A) when there is gross mismanagement of the estate. Courts have stated that gross mismanagement is a cause of diminution of the estate. *See In the Matter of Paul Kovacs and Co., Inc.*, 16 B.R. 203 (Bankr. D. Conn. 1981). "Gross mismanagement suggests some extreme ineptitude on the part of management to the detriment of the organization … but it must rise above simple mismanagement to achieve the level envisioned by the Code." *In re Sundale, Ltd.*, 400 B.R. 890, 907 (Bankr. S.D. Fla. 2009) (*quoting In re Mako, Inc.*, 102 B.R. 809, 812 (Bankr. E.D. Okla. 1988)). Other courts have stated "[t]he factors used to determine gross mismanagement vary depending on the facts of the case, but often include elements that hint at fraud, in addition to negligence. *Sundale*, 400 B.R. at 907 (*quoting In re Microwave Prod., of Am., Inc.*, 102 B.R. 666, 676 (Bankr. W.D. Tenn. 1989); *In re Blunt*, 236 B.R. 861, 865 (Bankr. N.D. Fla. 1999) (mounting unpaid administrative expenses constitutes cause under former Bankruptcy Code Section 1112(b)).

In the instant case management has exhibited gross ineptitude and further a willingness to sacrifice the interests of the Estate to the interests of management and other third parties. The Debtor's management has failed and refused to act in a reasonable manner in order to settle and resolve the claims of Rosen in a manner that would allow the Debtor to survive in business and have further contributed to mounting expenses and losses of the Debtor by virtue of their conduct.[2]

### D. This Case Should Be Dismissed

---

[2] Again, while the Court has appointed a Chapter 11 Trustee, he steps into an untenable position and with all due respect to his abilities he cannot reverse the problems created by the Debtor in a manner which will allow rehabilitation and a confirmable plan.

As set forth above this case should be dismissed based upon the provisions of 11 U.S.C. §1112(b)(1). This case was filed in bad faith. The Debtor or Trustee cannot hope to reorganize over the objections of Rosen and the interests of creditors and the Estate are best served by a dismissal to allow the parties to pursue their remedies in state court. While Creditor initially filed a Motion to Convert this Case to Chapter 7 (DE #32), based upon the circumstances of this case and the likelihood that the continued cost of administration will dissipate assets rather than improving the position of creditors, it is now believed that the appropriate remedy is dismissal.

WHEREFORE it is respectfully prayed that this Court will enter an order dismissing this chapter 11 case and grant such further relief as may be just and proper under the circumstances.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon all parties receiving service via CM/ECF and First Class U.S. Mail as indicated on this 6th day of June, 2013.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A)

**RICE PUGATCH ROBINSON SCHILLER, P.A.**
Co-Counsel for Samuel D. Rosen
101 N.E. Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone:  (954) 462-8000
Facsimile:    (954) 462-4300

By:___/s/ Chad P. Pugatch_____
         CHAD P. PUGATCH
         Florida Bar No.: 220582

**CM/ECF SERVICE LIST**

- Thomas L Abrams     tabrams@tabramslaw.com, lmillspaugh@tabramslaw.com;fcolumbo@tabramslaw.com
- Joe M. Grant     jgrant@marshallgrant.com, efile@marshallgrant.com;mg197ecfbox@gmail.com
- Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov
- Chad P Pugatch     cpugatch.ecf@rprslaw.com
- Kenneth A Welt     court@trusteeservices.biz, fl10@ecfcbis.com;pacerfilings@gmail.com

**FIRST CLASS U.S. MAIL LIST**

Soneet Kapila
c/o Kapila & Company
1000 South Federal Highway
Suite 200
Fort Lauderdale, FL 33316

Mark LaFontaine
5100 N Federal Hwy #407
Fort Lauderdale, FL 33308

J:\WPDocs\5100 Samuel Rosen - Ft Lauderdale Bridge Club\Pleadings\Motions\Motion to Dismiss.doc