UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                             Case No.: 13-14289-RBR
                                                                   Chapter 11
THE FORT LAUDERDALE
BRIDGE CLUB, INC.,

    Debtor.
_____/

### CREDITOR, SAMUEL D. ROSEN'S FIRST SET OF OBJECTIONS TO CLAIMS
(Claim Nos. 2, 4, 5, 7 & 8)

**IMPORTANT NOTICE TO CREDITOR:
THIS IS AN OBJECTION TO YOUR CLAIM**

    This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.

    If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service of this objection, explaining why your claim should be allowed as presently filed, and you must serve a copy to the undersigned attorney OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.

    If your entire claim is objected to and this is a Chapter 11 case, you will **not** have the right to vote to accept or reject any proposed plan of reorganization until the objection is resolved, unless you request an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your claim for voting purposes.

    The written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court.

**PLEASE REFER TO YOUR CLAIM NUMBER ON ALL MATERIALS.**

    Pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure and Local Rule 3007-1, Creditor, Samuel D. Rosen ("Rosen"), hereby objects to the following claims based upon the grounds set forth below*:

| Claim No. | Name of Claimant | Amount of Claim | Basis for Objection and Recommended Disposition |
|---|---|---|---|
| 2 | Polenberg Cooper Saunders & Reisberg<br>1351 Sawgrass Corporate Parkway<br>Suite 101<br>Ft. Lauderdale, FL 33323 | $18,650.00 | This claim is objected to by Creditor Rosen on the grounds that there is no money due to this creditor from the Debtor, Fort Lauderdale Bridge Club, Inc. There is no contractual agreement between this Creditor and the Debtor and the services rendered by this Creditor were for the benefit of third parties and not the Debtor. In addition there was no value provided to the Debtor by virtue of the services rendered. To the extent creditor purports to have represented or provided services for debtor, creditors said representation has been tainted from the outset because creditor has violated the standards and procedures respecting conflicts as set forth in the Florida Rules of Professional Conduct and the Rulings of the Florida Bar, including but not limited to the simultaneous representation in the same action of putative plaintiff and the defendants, i.e., simultaneous representation of the victim of theft and of the perpetrator. As such, creditor is entitled to nothing. In addition, the hourly rates charged by creditor for services of Associate Mark Nichols is believed to be excessive under the standards of the Florida Bar. Further, to the extent creditor is entitled to anything on this claim, it must be set off by the amounts creditor has or will owe debtor, including, e.g.: (i) For attorney's fees to be assessed by the Court for creditor's misconduct in discovery and for filing willfully false reports to the Court and refusing to withdraw them, all in violation of creditor's duty of candor as Officers of the Court; |

| | | | |
|---|---|---|---|
| | | | (ii) Malpractice committed by creditor to the financial detriment of debtor in first advising and convincing debtor to pursue the "Independent Directors" option under Chapter 617.07401 (3) and then itself destroying the "independence" of the directors to the point that of the approximately $90,000 already paid or claimed by creditor, the overwhelming majority of same were directly caused by creditors malpractice herein. This claim should be stricken. |
| 4 | BellSouth Telecommunication c/o AT&T Services, Inc. Karen Cavagnaro, Paralegal One AT&T Way, Room 3A231 Bedminster, NJ 07921 | $658.03 | This claim is objected to by Creditor Rosen on the grounds that there is no amount due and/or insufficient documentation. This claim should be stricken. |
| 5 | Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A. c/o Drew M. Dillworth, Esq. Museum Tower, Suite 2200 150 West Flagler Street Miami, FL 33130 | $4,212.97 | This claim is objected to by Creditor Rosen on the grounds that there is no money due to this creditor from the Debtor, Fort Lauderdale Bridge Club, Inc. There is no contractual agreement between this Creditor and the Debtor and the services rendered by this Creditor were for the benefit of third parties and not the Debtor. In addition there was no value provided to the Debtor by virtue of the services rendered. The report for which this creditor rendered billing was false and based upon misleading information of which creditor was well aware. Creditor knew that its report/opinion letter was false and was filed with its consent, with the intent to deceive the Court and to this date, creditor has failed to withdraw/correct same, as required by creditor's duty of candor as an Officer of the Court and pursuant to the Rules of Professional Conduct. Creditor has also committed malpractice in serving and filing (or allowing Polenberg to file) said falsified report knowing it was written by someone |

| | | | |
|---|---|---|---|
| | | | other than creditor and was false. To the extent creditor is entitled to anything on this claim, same will be offset by the attorney's fees and sanctions that will be assessed by the Court for creditors willfully improper conduct and its malpractice. This claim should be stricken. |
| 7 | Allen Bozek<br>c/o Polenberg Cooper Saunders & Reisberg<br>1351 Sawgrass Corporate Parkway<br>Suite 101<br>Ft. Lauderdale, FL 33323 | Undetermined/<br>Unliquidated | Creditor, Rosen objects to this claim on the basis that there is no legal or factual basis upon which this creditor is entitled to claim indemnification or any other amounts due from the Debtor, Fort Lauderdale Bridge Club, Inc. Creditor is not entitled to be indemnified from his own wrongdoing. There are no specific grounds set forth for any amount alleged to be due to this creditor and the claim is filed for no dollar amount and is indicated to be "undetermined and unliquidated". In addition, to the extent creditor is claiming a right to indemnification based upon the claims asserted against it in Rosen's amended pleading in Rosen II (allowed by Court Order of February 20, 2013), debtor's insurance carrier has agreed to and is providing all cost of defense including appointing counsel to defend creditor, and has issued a coverage letter which does not disclaim coverage for indemnification of any judgment entered against creditor. This claim should be stricken. |
| 8 | Carl Conrath<br>c/o Polenberg Cooper Saunders & Reisberg<br>1351 Sawgrass Corporate Parkway<br>Suite 101<br>Ft. Lauderdale, FL 33323 | Undetermined/<br>Unliquidated | Creditor, Rosen objects to this claim on the basis that there is no legal or factual basis upon which this creditor is entitled to claim indemnification or any other amounts due from the Debtor, Fort Lauderdale Bridge Club, Inc. Creditor is not entitled to be indemnified from his own wrongdoing. There are no specific grounds set forth for any amount alleged to be due to this creditor |

| | | | |
|---|---|---|---|
| | | | amount and is indicated to be "undetermined and unliquidated". In addition, to the extent creditor is claiming a right to indemnification based upon the claims asserted against it in Rosen's amended pleading in Rosen II (allowed by Court Order of February 20, 2013), debtor's insurance carrier has agreed to and is providing all cost of defense including appointing counsel to defend creditor, and has issued a coverage letter which does not disclaim coverage for indemnification of any judgment entered against creditor.<br>This claim should be stricken. |

*Notwithstanding the requirements of Bankruptcy Rule 3007, up to five objections to claim may be included in one pleading.

Respectfully submitted,

_____
Samuel D. Rosen, Creditor Pro Se
10175 COLLINS AVENUE
APT. 502
BAL HARBOUR, FLA 33154
TEL. 305-868-6096 CELL 917-974-7588

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by the Court's CM/ECF system to the parties who receive notice by this method and via U.S. Mail to all parties listed below on this 19th day of July, 2012.

By: /s/ Chad P. Pugatch
CHAD P. PUGATCH

## SERVICE LIST

| |
|---|
| Polenberg Cooper Saunders & Reisberg<br>1351 Sawgrass Corporate Parkway<br>Suite 101<br>Ft. Lauderdale, FL 33323 |
| Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.<br>c/o Drew M. Dillworth, Esq.<br>Museum Tower, Suite 2200<br>150 West Flagler Street<br>Miami, FL 33130 |
| Allen Bozek<br>c/o Polenberg Cooper Saunders & Reisberg<br>1351 Sawgrass Corporate Parkway<br>Suite 101<br>Ft. Lauderdale, FL 33323 |
| Carl Conrath<br>c/o Polenberg Cooper Saunders & Reisberg<br>1351 Sawgrass Corporate Parkway<br>Suite 101<br>Ft. Lauderdale, FL 33323 |
| BellSouth Telecommunication<br>c/o AT&T Services, Inc.<br>Karen Cavagnaro, Paralegal<br>One AT&T Way, Room 3A231<br>Bedminster, NJ 07921 |
| Peter Shapiro, Esq.<br>c/o Shapiro Law<br>1351 Sawgrass Corporate Parkway<br>Suite 101<br>Ft. Lauderdale, FL 33323 |