**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov**

In re:

THE FORT LAUDERDALE	Case No. 13-14289-RBR
BRIDGE CLUB, INC.,	Chapter 11

     Debtor.
_____/

**TRUSTEE'S OBJECTION
TO SAMUEL ROSEN'S MOTION FOR RELIEF FROM STAY**

Kenneth Welt, the chapter 11 trustee for the above-referenced Debtor (the "Trustee") hereby files this objection (the "Objection") to Samuel Rosen's Motion for Relief from Stay (the "Motion") [D.E. 127], and states:

**Background**

1. Since 2012, Mr. Rosen, a member of the Bridge Club, has sued the Bridge Club and/or its members, either derivatively or individually, five times. The five actions are:

   i. *Fort Lauderdale Bridge Club et al. vs. Allen Bozek, et al.*-Case No. 12-012934 CACE (02) ("*Rosen I*")

   ii. *Fort Lauderdale Bridge Club vs. Fort Lauderdale Bridge Club, et al.*-Case No 11-010801 CACE(14) ("*Rosen II*")

   iii. *Samuel Rosen vs. Fort Lauderdale Bridge Club, et al.*-Case No. 10-019587 CACE (12) ("*Rosen III*")

   iv. Claim Pending before the American Arbitration Association ("*Rosen IV*")

   v. *Rosen v. Bozek, et. al.*, Case No. 0:13-cv-61316-JIC (S.D. Fla. 2013) ("*Rosen V*")

(collectively the "Rosen Actions")

2. In these actions, the Bridge Club has provided the cost of defense to, and/or indemnified, the individual defendant-members of the Club.

1

3. On February 26, 2013 (the "Petition Date"), in an attempt to (a) adjudicate all claims against it, (b) evaluate and determine whether any of the derivative actions had any value, and (c) consolidate litigation costs and escape the crushing discovery costs associated with the Rosen Actions, the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4. Up through the appointment of the Trustee, the Debtor operated as Debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5. As of the date hereof, no creditors' committee has been appointed in this case.

6. On May 10, 2013, after the Debtor's voluntary motion to appoint a trustee, Kenneth Welt was appointed as Chapter 11 trustee.

7. On June 13, 2013, four months post-petition, Mr. Rosen filed *Rosen V*. By way of a §1983 claim, *Rosen V* seeks damages from former board members for alleged retaliation for his prosecution of *Rosen I-IV*. The complaint also seeks an injunction against the former board members, and the City of Fort Lauderdale, as co-venturer with the Debtor in the operation of the Bridge Club, from the continued violation of Mr. Rosen's rights.

8. Samuel Rosen subsequently filed the Motion, seeking relief from stay to amend his claim and include the Debtor as a Defendant.

## Analysis

9. In his Motion, Mr. Rosen correctly notes that the automatic stay generally does not apply to post-petition claims. A review of the complaint, however, evidences that all of the conduct alleged is pre-petition conduct. In fact, the "Facts" section of the Complaint only describes conduct beginning in February 2010, and ending on the Petition Date.

10. Mr. Rosen claims that based "on both pre-petition and post-petition conduct," it is necessary to amend the Complaint to name the Debtor as a Defendant. As was the case in his Motion to Dismiss, in which he alleged unspecified "tax improprieties" and "gross mismanagement" (*See* [DE 94 and 130], pages 7 and 1, respectively), Mr. Rosen does not specify what post-petition conduct necessitates such an amendment, likely due to the fact that no such conduct exists.

11. Mr. Rosen's aim is not to have his civil rights claim adjudicated on the merits. Mr. Rosen is well aware that this case has no basis in law. In 2002, the Court of Appeals for the Second Circuit affirmed the dismissal of a § 1983 claim (not dissimilar to *Rosen V*) where Mr. Rosen alleged that his ex-wife had violated his constitutional rights when she "filed several petitions seeking Temporary Orders of Protection and swore out a criminal complaint alleging Rosen had pushed her down a flight of stairs." *Rosen v. County of Suffolk*, 53 Fed. Appx. 578, 579 (2d Cir. 2002). Quite obviously, the prospect of forcing the Debtor to defend contested litigation in the District Court serves his apparent goal of running up administrative expenses, so that he can bolster his argument that the Estate is administratively insolvent. (*See* Trustee's Objection to Rosen's Motion to Dismiss, [D.E. 151] paras. 21-25).

12. Mr. Rosen is using expensive litigation in order to intimidate those who do not agree with him or take a contrary position. Far from proving cause, Mr. Rosen's actions in this case follow the pattern he has set in prior litigation, and such actions frustrate the possibility of reorganization and prejudice the Estate. In *Unique Concepts, Inc. v. Brown*, 115 F.R.D. 292, 294 (S.D.N.Y.1987), the United States District Court for the Southern District of New York sanctioned Mr. Rosen for his "contentious, abusive, obstructive, scurrilous, and insulting conduct." In *Unique Concepts,* the Court noted that Mr. Rosen's conduct (as has been the case in

*Rosen I-V* and in this case) was "harassing, wasteful, vexatious, and . . . unprofessional. . . ." *Id.* at 293.

13. Two years later, in *Schering Corp. v. Vitarine Pharmaceuticals, Inc.*, 124 F.R.D. 580, 584 (D.N.J. 1989), the court noted that Rosen "engaged in abusive litigation tactics . . . and attacks. . . ." *Rev'd* 889 F.2d 490 (3d Cir.1989) (reversing the District Court's imposition of $100,000.00 in sanctions by holding that Rule 11 applied only to signed documents, not arguments).

14. Such conduct does not constitute "cause" for the modification of the Stay. Quite the opposite, "cause" exists for protecting the Estate from frivolous, abusive litigation in order to effect reorganization.

15. Furthermore, Mr. Rosen summarily concludes that "cause" for modification of the stay, as required by 11 U.S.C. § 362(d)(1), exists merely because Rosen has demanded a jury trial in his § 1983 claim. Rosen confuses "cause" for the purposes of the automatic stay with "cause" as related to withdrawal of the reference. If a jury demand would defeat the automatic stay as to an otherwise stayed action, then every creditor would nullify the effect of the stay, the cornerstone of the bankruptcy system, by merely demanding a jury to adjudicate its claim. This is not the case. In fact, even if the case were not stayed, cause does not even exist under the reference withdrawal standard. "The mere presence of a jury demand does not justify withdrawal of the reference." *In re Tucker*, 2012 WL 4090677 (Bankr. S.D. Fla. 2012).

16. In conclusion, this Motion for Relief from Stay is an abuse of the bankruptcy process. While it is clear from the four corners of the complaint that stay relief is not appropriate, Mr. Rosen serves his interest by continuing to waste Estate resources, in an attempt to prove that the Estate is insolvent and that there is no reasonable possibility of reorganization.

WHEREFORE, the Trustee requests this Court deny the Motion, award fees and costs for the filing and prosecution of this objection, and grant such other and further relief as is just and proper.

Respectfully submitted,

**MARSHALL SOCARRAS GRANT, P.L.**
Attorneys for the Trustee
197 South Federal Highway, Suite 300
Boca Raton, Florida  33432
Telephone No. 561.672.7580
Facsimile No. 561.672.7581
Email:  efile@msglaw.com

By:   /s/ Lawrence E. Pecan
JOE M. GRANT
Florida Bar No. 137758
ADAM D. MARSHALL
Florida Bar No. 579823
LAWRENCE E. PECAN
Florida Bar No. 99086

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this July 29, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served today on the parties listed below, in the manner indicated..

/s/ Lawrence E. Pecan
LAWRENCE E. PECAN

## SERVICE LIST

**SERVED VIA CM/ECF NOTICE**

- Joe M. Grant             jgrant@msglaw.com, efile@msglaw.com
- Thomas L. Abrams         tabrams@tabramslaw.com
- Office of the US Trustee  USTPRegion21.MM.ECF@usdoj.gov
- Chad P. Pugatch          cpugatch.ecf@rprslaw.com
- Kenneth A. Welt          court@trusteeservices.biz, fl10@ecfcbis.com

5

**SERVED VIA US MAIL**

    Samuel D. Rosen
    10175 Collins Ave., Apt. 502
    Bal Harbour, FL 33154

    Soneet Kapila
    c/o Kapila & Company
    1000 South Federal Highway
    Suite 200
    Fort Lauderdale, FL 33316

    Mark LaFontaine
    5100 N Federal Hwy #407
    Fort Lauderdale, FL 33308