UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:                                                          Chapter 11

THE FORT LAUDERDALE                                    Case No.:  13-14289-RBR
BRIDGE CLUB, INC.,

            Debtor.
_____/

## MOTION TO MODIFY SUBPOENA

Mark D. Nichols, Esq., by and through undersigned counsel and pursuant to *Fed. R. Civ. P.* 45(c), made applicable by *Fed. R. Bank. P.* 9016, files this Motion to Modify Subpoena issued by Samuel D. Rosen.   In support, the Debtor states the following:

## BACKGROUND

1.      On June 6, 2013, Samuel D. Rosen ("Rosen") filed a Motion to Dismiss Chapter 11 Case [D.E. 94].

2.      The Motion to Dismiss was initially scheduled for July 19, 2013, but on that date, the Court instead entered an Agreed Ex Parte Order to continue and reschedule the hearing for August 23, 2013 [D.E. 156].

3.      The Court's Order further states all trial subpoenas issued for July 19, 2013 are continued for the August 23, 2013 court date.

4.      Mark Nichols, Esq. was served a subpoena by Rosen to testify at the July 19, 2013 hearing, and under the Court's Order, Mr. Nichols's subpoena is in full force and effect for the August 23, 2013 hearing.   *See* Subpoena in Bankruptcy Proceeding. attached hereto as Exhibit 1.

5.    Mr. Nichols is scheduled to be in Annapolis, Maryland on August 23, 2013 as part of a previously scheduled meeting for the cabinet of the American Bar Association Young Lawyers Division, which Mr. Nichols is a member.  Mr. Nichols advised counsel for Rosen of the scheduling conflict.  Counsel for Mr. Rosen indicated other members of Mr. Nichols' firm could appear in his absence.  This is not possible because:  (1) the trial subpoena is directed to Mr. Nichols personally, and not as a corporate representative under Fed. R. Civ. P. 30(b)(6); and, (2) Messrs.' Polenberg and Cooper have a scheduled pre-trial conference in Miami at the same time.

6.    In the Motion to Dismiss, Rosen seeks to dismiss the bankruptcy based upon:  (1) gross mismanagement of the estate; and (2) substantial and continuing loss to the estate with the absence of a reasonable likelihood of rehabilitation.  [D.E. 94.]  The Motion fails to demonstrate how Mr. Nichols's testimony, or the testimony from any representative of Polenberg, Cooper, Saunders, & Riesberg, PL, bears any relevance to the standards enumerated therein.

7.    Further, Rosen filed a supplement to his Motion to Dismiss.  [D.E. 130.]  The supplement alleges the possibility of tax improprieties.  *See id.*  The supplement fails to demonstrate how Mr. Nichols's testimony, or the testimony from any representative of Polenberg, Cooper, Saunders, & Riesberg, PL, bears any relevance to the allegations of tax impropriety.

8.    The Court's Order of July 19, 2013 also provided for the filing of reorganization by the Trustee, no later than August 8, 2013.  In speaking with counsel for the Trustee, it is possible a hearing on the adequacy of a disclosure statement may be considered on August 23, 2013.

9.     Thus, for all of the foregoing reasons, it is quite probable Mr. Nichols's testimony, even if he was available, will not be elicited on August, 23, 2013.

## REQUESTED RELIEF

10.     Federal Rule of Civil Procedure 45(c) is designed to protect non-parties and parties from being forced to incur any undue burden or expenses as a result of a subpoena. Rule 45(c)(3)(A) proves the Court with the power to quash or modify a subpoena. It states, in relevant part, that:

> On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it subjects a person to undue burden.

11.     The subpoena imposes an undue burden on Mr. Nichols in that he is scheduled to attend a meeting out of town, and has already expended money and time in preparation for this meeting. Therefore, Mark Nichols respectfully requests the Court quash the subpoena in accordance with Rule 45(c)(3)(A).

12.     Further, Rosen has failed to demonstrate, in both his Motion to Dismiss and supplement, the relevance of any testimony Mr. Nichols could provide.

13.     We hereby certify prior to filing this Motion, undersigned counsel contacted counsel for Samuel D. Rosen in an effort to resolve this matter without hearing and that such discussions have thus far been unsuccessful in resolving the matter.

WHEREFORE, Mark Nichols, respectfully requests this Court enter an Order quashing the subpoena for August 23, 2013, and entering such further relief this Court deems necessary and proper.

Respectfully submitted,

/s/    Peter E. Shapiro
Peter E. Shapiro (FBN 615511)
Polenberg, Cooper, Saunders, & Riesberg, PL
1351 Sawgrass Corporate Parkway, Suite 101
Fort Lauderdale, FL  33323
T:  954-742-9995 | F:  954-742-9971
Email:  pshapiro@polenbergcooper.com
*Counsel for Mark D. Nichols, Esq.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 30, 2013 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel or parties of record via Electronic Filing generated by CM/ECF to counsel of record and the Office of the US Trustee.

/s/    Peter E. Shapiro
Peter E. Shapiro, Esq.
Florida Bar No. 615511

In re:  The Fort Lauderdale Bridge Club, Inc.
Case No.:  13-14289-RBR

# Exhibit "1"

# United States Bankruptcy Court
## Southern District of Florida
www.flsb.uscourts.gov

In re The Fort Lauderdale Bridge Club,

                       Debtor

**SUBPOENA IN BANKRUPTCY**

**PROCEEDING**

Case No. 13-14289-RBR

Chapter 11

To:    Mark Nichols, Esq.
       Polenberg Cooper Saunders & Riesberg, PL
       1351 Sawgrass Corporate Pkwy, Suite 101
       Ft. Lauderdale, FL  33323

[ x ]   YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| United States Courthouse | 308 |
| 299 E. Broward Blvd. | **DATE AND TIME** |
| Fort Lauderdale, Florida 33301 | Tuesday, July 19, 2013 at 9:30 a.m. |

[ ]   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[ ]   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

[ ]   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

     Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable in proceedings by Bankruptcy Rule 7030.  See Bankruptcy Rules 1018 and 9014.

| ISSUING OFFICER SIGNATURE | TITLE |
|---|---|
| | Attorney |
| **ISSUING OFFICER=S NAME (PRINT)** | **PHONE** |
| Chad P. Pugatch, Esq., Fla. Bar 220582 | 954-462-8000 |
| **ADDRESS** | **DATE** |
| c/o Rice Pugatch Robinson & Schiller, P.A. | |
| 101 N.E. 3rd Ave., Suite 1800 | 6/21/13 |
| Fort Lauderdale, FL 33301 | |

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

DATE                          SIGNATURE OF SERVER

                              ADDRESS OF SERVER

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Bankruptcy Rule 9016.  See also LoBalles 7026-1 and 7027-1.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney=s fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more that 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.