UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

THE FORT LAUDERDALE BRIDGE CLUB, INC.      Case No.: 13-14289-BKC-RBR
dba FORT LAUDERDALE BRIDGE CLUB     Chapter 11
        Debtor.
_____/

## CHAPTER 11 TRUSTEE APPLICATION OF KENNETH A. WELT FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE TIME PERIOD OF MAY 10, 2013 THROUGH JULY 31, 2013

Kenneth A. Welt, in his capacity as Chapter 11 Trustee (the "Trustee") of The Fort Lauderdale Bridge Club, Inc. (the "Debtor") files this Chapter 11 Application for Compensation for fees for services rendered and reimbursement of costs incurred for the period May 10, 2013 through July 31, 2013 (the "Application").

This is the first application filed by the Trustee and is neither an amendment nor supplement to a previous fee application. The Trustee's compensation is calculated on an hourly basis and is supported by the attached Exhibit "A".

1.     The Chapter 11 petition was filed on February 26, 2013.

2.     On May 10, 2013, Kenneth A. Welt was appointed as the Chapter 11 Trustee for Debtor's estate by the United States Trustee (ECF #63), followed by the United States Trustee's Ex Parte Application for Approval of the Appointment on May 10, 2013 (ECF #64) granted via Court Order entered on the docket on May 14, 2013 (ECF #67).

3.     This Chapter 11 fee application covers the period of May 10, 2013 through July 31, 2013.

4. From May 10, 2013 through July 31, 2013 the Trustee distributed the amount of $38,943.24.

5. The current amount on hand in the estate is $231,286.32 which includes $150,456.23 in timed deposit (CD's) on deposit at BCB Bank.

6. Marshall Grant, P.L. was hired as general counsel by the Trustee (ECF #68) entered on the docket on May 14, 2013.

7. Soneet R. Kapila, CPA and Kapila & Company was hired by the Trustee as accountants (ECF #109) entered on the docket on June 17, 2013.

## BACKGROUND

1. On February 26, 2013 (the "Petition Date"), Debtor filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. On May 9, 2013 Kenneth A. Welt was appointed as Chapter 11 Trustee.

3. As of the date hereof, no creditors committee has been appointed in this case.

4. The Fort Lauderdale Bridge Club, Inc. ("Bridge Club") is a non-profit 50l(c)(7) Florida Corporation and has managed and operated a bridge club in Fort Lauderdale, Florida since 1958.

5. The Bridge Club has served and continues to serve a special and unique purpose in the City of Fort Lauderdale and throughout the region as a well run and respected facility for residents, primarily elderly, to compete and enjoy the game of bridge at all skill levels.

6. The Bridge Club has approximately 600 members at the present time and those members, as well as many guests, who participate in events at the Bridge Club, rely on

the club as a place to enjoy the game they love, socialize and be intellectually stimulated. The average age of the Bridge Club Membership is approximately 75.

7. The Bridge Club is also unique in that the City of Fort Lauderdale has long recognized the social and community benefit to the Bridge Club by entering into and continuing a long term Lease for use of the land located at 700 N.E. 6th Terrace in Fort Lauderdale, located within Holiday Park down the street from the War Memorial Auditorium. The lease is $10.60 per year and clearly a valuable and critical element of the Bridge Club.

8. As a non-profit the Bridge Club is governed by the Board of Governors who are volunteers (unpaid). There is essentially one employee who is designated as a manager and several independent contractors who serve the essential task as bridge game directors. The Bridge Game Directors oversee and manage the bridge games. The Bridge Club continually holds bridge games and is open regularly.

9. The Bridge Club traditionally operated in the positive based primarily on the bridge game fees and would donate funds to needy charities and reserve funds for its building maintenance.

10. Mr. Rosen is a retired lawyer who was an experienced litigator in complex civil matters. The Bridge Club sought to suspend Mr. Rosen's membership due to alleged behavioral issues and did in fact vote to suspend him at a Board Meeting on February 22, 2010.

11. Mr. Rosen filed first filed an action in Broward Circuit Court alleging 11 counts and 171 paragraphs to challenge the Board's actions in suspending his membership as well as various direct actions against the Bridge Club and various Board Members, former Board Members and members for Defamation Breach of Fiduciary Duty and other claims. Case# 10-

019587 CACE (12) ("Rosen I"). Since then he has filed other actions with numerous counts either directly against the club, its officers, directors and others or derivatively.

12. The Bridge Club had an insurance policy in place and has been defended by counsel appointed by the carrier and such representation continues as to the currently pending direct claims brought by Mr. Rosen against the Bridge Club. However, as a result of the substantial amount of litigation brought by Mr. Rosen, the insurance carrier created a "Rosen" exception to the renewed policy and claims brought by Mr. Rosen against the Bridge Club and its officers and directors are no longer covered. The Club could not obtain other D & O coverage.

13. As Mr. Rosen is a retired litigation attorney, he has either pursued the actions on his own, pro se, or in conjunction with counsel he retains. The Derivative actions have primarily been brought pro se.

14. The Bridge Club provided a defense to the defendants in the Derivative actions filed by Mr. Rosen. Mr. Rosen has alleged that providing a defense was improper and that the persons defended should repay the money advanced for their fees and costs and or that the law firm who defended them should return the funds. Mr. Rosen asserts that the use of such funds was a theft.

15. The members of the Board, most or all of them have been sued, are elected by the Membership are volunteers and serve staggered three year terms.

## IN THE ADMINISTRATION OF THE CASE

On February 26, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). On May 10, 2013 Kenneth A. Welt, was appointed as the Chapter 11 Trustee of the

Debtor's Estate.

1. Thus far, the Trustee has received the sum of $43,146.22 primarily from bridge game revenue.

2. The Trustee has received $76,627.11 from the Chapter 11 Debtor-In-Possession Accounts and $150,456.23 from Debtor-In Possession Timed Deposits (CD's).

WHEREFORE, your Trustee requests this Court to allow him this fee application in the amount of **$30,224.97** plus expenses in the amount of **$26.27** for this period for a total of **$30,251.24**.

KENNETH A. WELT, CHAPTER 11 TRUSTEE

STATE OF FLORIDA
COUNTY OF BROWARD

**BEFORE ME** the undersigned authority, personally appeared **KENNETH A. WELT, CHAPTER 11 TRUSTEE** who deposes and says that the allegations for the foregoing application are true and that no agreement or understanding exists between the applicant and any other person for the division of compensation.

**SWORN AND SUBSCRIBED BEFORE ME** on 31 day of July, 2013.

Notary Public – State of Florida
I.D.: In Person Appearance
My Commission Expires:



SABRINA BENSON
MY COMMISSION #FF001413
EXPIRES July 15, 2017
(407) 398-0153  FloridaNotaryService.com