UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

THE FORT LAUDERDALE
BRIDGE CLUB, INC.,

Case No. 13-14289-RBR
Chapter 11

Debtor.
_____/

### CREDITOR, SAMUEL D. ROSEN'S, NOTICE OF RULE 7030 EXAMINATION DUCES TECUM OF JON POLENBERG, ESQ., AS A GENERAL PARTNER OF POLENBERG, COOPER, SAUNDERS & REISBERG, P.L.

**YOU WILL PLEASE TAKE NOTICE** that on **Wednesday, August 21, 2013, beginning at 9:30 a.m.** (Eastern Standard Time) the undersigned will depose JON POLENBERG, ESQ., as a General Partner of POLENBERG, COOPER, SAUNDERS, & REISBERG, PL, **at Southern District Court Reporting, Inc., 216 S.E. 6 Street, Ft. Lauderdale, FL 33301 or such other place agreed to by counsel,** before an Official Court Reporter, DEBRA CASWELL, SOUTHERN DISTRICT COURT REPORTING, INC. or any officer authorized to administer oaths by the laws of the State of Florida and pursuant to the Federal Bankruptcy Rules of Procedure which incorporates the Federal Rules of Civil Procedure, upon oral examination pursuant to Bankruptcy Rule 7030, for purposes of discovery and for use as evidence in this action, or for such other purposes as authorized under applicable statutes and/or rules of court. Such oral examination shall continue from hour to hour and from day to day until completed.

THE DEPONENT IS FURTHER REQUIRED TO PRODUCE FOR INSPECTION AND COPYING THE ORIGINALS OF ALL DOCUMENTS LISTED ON EXHIBIT "A" TO THE UNDERSIGNED ON OR BEFORE WEDNESDAY, AUGUST 21, 2013 AT 9:30 A.M.

The examination will be taken by undersigned on behalf of Creditor Samuel D. Rosen.

Dated: August ___, 2013.

Respectfully submitted,

Samuel D. Rosen
Creditor, Pro Se
10175 Collins Avenue
Apt. 502
Bal Harbour, Florida 33154
Cell (917) 974-7588

*Of Counsel*
Douglas C. Broeker, Esq.
SWEETAPPLE, BROEKER & VARKAS, P.L.
777 Brickell Avenue – Suite 600
Miami, Florida 33131
Tel.: (305) 374-5623
Fax: (305) 358-1023
doug@broekerlaw.com
docservice@broekerlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via Regular U.S. Mail to all parties who are not on the list to receive e-mail notification/service for this case on this **8th** day of August, 2013.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Respectfully submitted,

**s/ Douglas C. Broeker**
Douglas C. Broeker, Esquire
Florida Bar No. 306738
Doug@broekerlaw.com
SWEETAPPLE, BROEKER & VARKAS, P.L.
777 Brickell Avenue, Suite 600
Miami, Florida 33131
Tel.: (305) 374-5623
Fax.: (305) 358-1023
*Co-Counsel to Creditor, Samuel D. Rosen*

## SERVICE LIST

### Electronic Mail Notice List

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case and who therefore will be served via the Court's Notice of Electronic Filing:

Joe M. Grant, igrant@msglaw.com
Lawrence E. Pecan, efile@msglaw.com
Thomas L. Abrams, tabrams@tabramslaw.com
Office of the US Trustee, ustpregion21mm.ecf@usdoj.gov
Chad Pugatch; cpugatch.ecf@rprslaw.com
Kenneth A. Welt, court@trusteeservices.biz, fl10@ecfcbis.com

**SERVED VIA U.S. MAIL AND EMAIL**

Samuel D. Rosen, Esq.
10175 Collins Ave., Apt. 502
Bal Harbour, FL 33154

Soneet Kapila
c/o Kapila & Company
1000 S. Federal Hwy., Ste. 200
Ft. Lauderdale, FL 33316

Mark LaFontaine
5100 N. Fed. Hwy. #407
Ft. Lauderdale, FL 33308

Peter E. Shapiro, Esq.
*Of Counsel: Jon Polenberg, Esq.*
1351 Sawgrass Corporate Pkwy.
Ste. 101
Ft. Lauderdale, FL 33323
pshapiro@shapirolawpa.com

## DEFINITIONS

1.  "Document" means any and all writings, electronic or graphic material, however produced or reproduced, of any kind or description, in the actual or constructive possession, custody, care or control of the Defendant or of which you have knowledge, whether or not prepared by you, which pertains to, or contains information pertaining directly or indirectly, in whole or in part, to any of the subjects inquired about with any specification in this Request and includes but is not limited to the original and any non-identical copies of any: correspondence; electronic mail; paper; book; pamphlet; periodical; photograph; object; microfilm or microfiche, note or sound recording or other memorial of any type of any oral communication, meeting or conference, memoranda, records, reports, studies, written forecast, projection, analysis or estimate, data processing cards, disks, tapes or other compilations from which information can be obtained or translated; computer printouts; work papers; charters; graphs; news clippings; press releases, newspaper accounts, transcripts of television of radio broadcasts. Two or more copies of a document bearing divergent handwritten or other notations shall be treated as separate documents for this purpose, as will all drafts of any documents.

2.  The words "relating to" or any form thereof means to embody, record, refer to, concern, reflect, or in any manner involve or otherwise implicate the subject matter of the Request.

3.  The words "affiliated with" or any form thereof means any surrogate, non-profit corporation, de facto subsidiary, or for profit member of any non-profit.

4.  "Witness or Deponent" or "You" in any form thereof, means Jon Polenberg and the firm of Plenberg, Cooper, Sounders & Reisberg, P.L.

## INSTRUCTIONS

1. If any Request for Production is objected to on the grounds of privilege or otherwise:

    A. Set forth fully each objection, stating the facts upon which you rely as the basis for the objection and a description of the documents withheld;

    B. Provide all documents and all parts of documents not claimed to be privileged, redacting only the portion claimed to be privileged, responsive to the Request to the extent not privileged and comply with instruction No. 1A as to the remainder of the Request; and

    C. Further, provide a detailed privilege log along with your Responses to this Request for Production if necessary. Said privilege log to include:

    i. Description of document, e.g., letter, email, etc.

    ii. Names and addresses of the author(s), each recipient, and of any other person to whom the document itself or the content thereof, were or may have been disclosed;

    iii. A description of the withheld document sufficient to enable Creditor, Rosen to determine whether to seek disclosure e.g., "letter dated - - - from Mark Nichols of Polenberg firm to Stuart Ames Respecting";

    iv. A statement of the privilege claimed and if it is attorney-client, please identify the attorney and the client.

# EXHIBIT "A"
## DOCUMENTS REQUESTED

1. All bills tendered by Polenberg Cooper or on behalf of itself or any other attorney, (e.g. Brad Saunders, Stuart Ames of Sterns Weaver) to the Fort Lauderdale Bridge Club or any individual officer or Board member thereof herein after, collectively, ("clients") for legal services performed during the period of May 1, 2012 through date of your production.

2. All retainer agreements and related documents (e.g., disclosures, consents, etc. executed by Polenberg Cooper on its own behalf, or on behalf of any other attorney, relating to services or performed or to be performed for any of said "clients" during the period of May 1, 2012 through date of your production.

3. If your bills do not disclose same, all of the documents necessary to show, day by day, each and every service performed by Polenberg Cooper for any of said ("clients"), the date performed the identification of the attorney or other professional who performed same, the amount of time spent in performing same, the dollar amount of the charge for said service and the hourly rate for that attorney or professional. Note if you claim any description of the service to be performed to be privileged you may redact same in the first instance PROVIDED each such redaction is listed on your privilege log.

4. All communications including writings, machine readable, matter, and notes of oral conversations between your firm and:

    a. Stearns Weaver / Stuart Ames;

    b. Brad Saunders;

    c.    Any of the so-called independent directors constituting the Special Litigation Committee or any other person or entity, which refer or relate to the so-called Independent Evaluation Reportors in your October 29, 2012 Court filing.

    d.    All drafts, notes and comments re: the Reports filed by your firm on October 29, 2012 of the opinions offered by Stuart Ames or Brad Saunders.

5.    For each item of disbursement listed on any bill submitted to the ("clients"), substantiation by way of receipts or otherwise of any expenditure to exceed $100.

6.    Bank records showing the current balance held in your trust account of the original $5,000 retainer you were paid by the ("clients") in 2012.

7.    Respecting Mark Nichols, all bills and other documents showing:

    a.    The hourly rate your firm has charged for his services from date of his first employment by you through date to persons or entities other than "clients" here;

    b.    The retainer agreements your firm has entered into or tendered to any other client or potential client showing the hourly rate to be charged for Mark Nichols' time (redacting if you desire, all information therein so long as same appears on your privilege log) during the same period of time.

    c.    Documents showing the same information requested in paragraphs a and b above for Jude Cooper during the same period

8.    To the extent your firm has provided or offered to provide the services of Mr. Nichols to any person or entity on a stated "reduced hourly rate" all documents showing same as well as the reduced hourly rate(s).

9.    Al documents including writings and notes of oral communications between your firm and Samuel D. Rosen during the months of May, June and July 2012.

10.    All documents showing the time, charges, services performed and disbursement/expenses incurred on behalf of any of the ("clients") herein which have not yet been included in a bill tendered to the ("clients"), including but not limited to those that support your Claim filed in this bankruptcy,

but also including any such services or expenditures incurred subsequent to the filing of your Claim in bankruptcy and right up to date of the production of these documents.

11.     Respecting Jon Polenberg's alleged regular and customary hourly rate of $450 an hour, documents showing each and every instance since January 1, 2012 through date of your production in which Polenberg's services were billed to a different client at that amount and separately showing those where Polenberg's services were billed to a different client at a different amount and in each case, documents showing the aggregate of all of Polenberg's time during this period billed to any and all other clients, at each separate hourly rate.

12.     Records of all services performed for any of the ("clients") post-February 26, L013 for which you have not tendered a bill, but intend to, or reserve the right to do so at a later date.

13.     Each and every document which supports the claims you have filed on behalf of *Bozek, et. al.* (claims No. 7-13), together with all bills issued and payments received for said service(s).