**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:

THE FORT LAUDERDALE                      Case No. 13-14289-JKO
BRIDGE CLUB, INC.,                         Chapter 11

        Debtor.
_____/

**NON-PARTY RUBEN E. SOCARRAS' MOTION FOR A**
**PROTECTIVE ORDER FROM CREDITOR, SAMUEL ROSEN'S**
**NOTICE OF DEPOSITION**

Pursuant to Local Rule 7026-1(e)(2), non-party, Ruben E. Socarras ("Socarras"), moves this Court for a Protective Order from Samuel Rosen's ("Mr. Rosen") Notice of Deposition dated September 13, 2013 (the "Notice") [ECF No. 340], and states.

1. On February 26, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Up through the appointment of the Trustee, the Debtor operated as Debtor-in-Possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. As of the date hereof, no creditors committee has been appointed in this case.

3. On May 10, 2013, after the Debtor's voluntary motion to appoint a trustee, Kenneth Welt was selected as Chapter 11 trustee (the "Former Trustee").

4. Effective May 10, 2013, the Court authorized the Former Trustee to Employ Marshall Socarras Grant, P.L. ("MSG") as counsel. [ECF Nos. 68 and 164]. Socarras is a managing member of MSG.

5. On July 29, 2013, MSG filed its First Application for Interim Compensation [ECF No. 170] (the "Interim Application").

6. Following the resignation of the Former Trustee, MSG withdrew the Interim Application and refiled a Final Application. [ECF Nos. 280 and 287] (the "Application").

7. Mr. Socarras is a non-party, has never billed any time to the matter (as evidenced by the applications for compensation), and he has no knowledge of the bankruptcy case, nor the Application.

8. On September 13, 2013, Mr. Rosen filed the Notice requesting Mr. Socarras' deposition for October 4, 2013.

9. Mr. Rosen did not serve Mr. Socarras with a subpoena. Mr. Rosen also served notices of taking deposition of each of the other three full-time MSG attorneys. Mr. Rosen did not notice MSG, an administrative creditor and party to the bankruptcy case, for a Rule 30(b)(6) deposition.

10. While non-party deponents Joe Grant, Adam Marshall and Lawrence Pecan [ECF Nos. 325, 342, and 326] were not served with subpoenas, they have agreed to provide a deposition voluntarily, as they acknowledge that their testimony may be relevant to the Application.

11. Since Mr. Socarras has no knowledge related to this case, he seeks a protective order from this Court. Socarras is not a party, and thus his attendance without a subpoena is not compulsory. Socarras, however, files this motion in an abundance of caution, as his deposition is believed to have been set simply to harass MSG. *See generally* [ECF No. 279].

12. A non-party is not compelled to attend a deposition unless she is served with a subpoena. *See* Fed. R. Civ. P. 30(a)(1), 30(g)(2) and 45, as incorporated by Fed R. Bankr.P. 7030 and 9016. Furthermore, a protective order is appropriate where a deposition is "conducted in bad

faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Rule 30(d)(3)(A).

13. Here, there is little question that this deposition was noticed in bad faith. Mr. Rosen is attempting to strongarm MSG into withdrawing its application for compensation, by wasting MSG's time while he notices three full days of deposition. *See* [ECF No. 267-1]. To wit, Mr. Rosen, who can attend depositions for free by acting *pro se*, notices depositions of every attorney at MSG (even those with no knowledge or involvement) so that its attorneys are precluded from doing other work, resulting in great expense to MSG, with no expense to Mr. Rosen. This is improper, and the very type of conduct that is prohibited by Rule 30(d)(3)(A).

14. As stated above, Mr. Socarras has had no involvement with this case. Thus, his deposition cannot serve any other purpose than to annoy, embarrass or oppress him and/or MSG. As such, the Court should enter a protective order prohibiting the deposition from taking place.

WHEREFORE, non-party, Ruben Socarras, requests this Court enter a protective order, and grant such other and further relief as is just and appropriate.

Respectfully submitted,

**MARSHALL SOCARRAS GRANT, P.L.**
*Counsel for Ruben Socarras*
197 South Federal Highway, Suite 300
Boca Raton, Florida  33432
Telephone No. 561.672.7580
Facsimile No. 561.672.7581
Email:  efile@msglaw.com

By:   /s/ Joe M. Grant
     JOE M. GRANT
     Florida Bar No 137758
     LAWRENCE E. PECAN
     Florida Bar No. 99086

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this September 27, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served today on the parties listed below, in the manner indicated.

                                             /s/ JOE M. GRANT
                                             JOE M. GRANT

## SERVED VIA CM/ECF NOTICE

Thomas L Abrams, Esq on behalf of Debtor The Fort Lauderdale Bridge Club, Inc.
tabrams@tabramslaw.com, lmillspaugh@tabramslaw.com;fcolumbo@tabramslaw.com

Paul J. Battista, Esq on behalf of Accountant Soneet R. Kapila
pbattista@gjb-law.com, gjbecf@gjb-law.com

Douglas C Broeker, Esq. on behalf of Creditor Samuel Rosen
doug@broekerlaw.com, Jamie@broekerlaw.com;DocService@broekerlaw.com

Gary M Freedman, Esq on behalf of Trustee Joel L Tabas
gfreedman@tabasfreedman.com, jackie@tabasfreedman.com;lise@tabasfreedman.com

Joe M. Grant, Esq. on behalf of Debtor The Fort Lauderdale Bridge Club, Inc.
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com

Joe M. Grant, Esq. on behalf of Interested Party Marshall Socarras Grant
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com

Joe M. Grant, Esq. on behalf of Trustee Joel L Tabas
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com

Soneet R. Kapila
mwalker@kapilaco.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Lawrence E Pecan on behalf of Interested Party Marshall Socarras Grant
lpecan@marshallgrant.com, efile@marshallgrant.com;mg197ecfbox@gmail.com

Lawrence E Pecan on behalf of Trustee Kenneth A Welt
lpecan@marshallgrant.com, efile@marshallgrant.com;mg197ecfbox@gmail.com

Chad P Pugatch, Esq. on behalf of Interested Party Rice Pugatch Robinson & Schiller, P.A.
cpugatch.ecf@rprslaw.com

Damaris D Rosich-Schwartz on behalf of U.S. Trustee Office of the US Trustee
Damaris.D.Rosich-Schwartz@usdoj.gov

Peter E. Shapiro, Esq. on behalf of Creditor Polenberg Cooper Saunders & Riesberg
pshapiro@shapirolawpa.com

Peter E. Shapiro, Esq. on behalf of Interested Party Jon Polenberg
pshapiro@shapirolawpa.com

Peter E. Shapiro, Esq. on behalf of Other Professional Mark D Nichols
pshapiro@shapirolawpa.com

Eric J Silver on behalf of Creditor Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
esilver@stearnsweaver.com,
sanderson@stearnsweaver.com;bank@stearnsweaver.com;rross@stearnsweaver.com;larrazola@stearnsweaver.com;cgraver@stearnsweaver.com

Joel L Tabas
JLT@tfsmlaw.com, jtabas@ecf.epiqsystems.com;scott@tfsmlaw.com;kborrego@tabasfreedman.com

Joel L Tabas, Esq on behalf of Trustee Joel L Tabas
jtabas@tabasfreedman.com, jdieguez@tabasfreedman.com;kborrego@tabasfreedman.com

## SERVED VIA US MAIL

Samuel D. Rosen
10175 Collins Ave., Apt. 502
Bal Harbour, FL 33154