# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
### www.flsb.uscourts.gov

In re:

THE FORT LAUDERDALE                           Case No. 13-14289-LMI
BRIDGE CLUB, INC.,                            Chapter 11


    Debtor.
_____/

### JOE GRANT'S REPLY TO SAMUEL ROSEN'S OPPOSITION TO MOTION FOR A PROTECTIVE ORDER AND OBJECTION TO CROSS MOTION TO COMPEL

Non-party, Joe Grant (the "Deponent") replies to Samuel Rosen's ("Mr. Rosen") Opposition (the "Opposition") [ECF No. 514] to his Motion for a Protective Order (the "Motion") [ECF No. 458] from Samuel Rosen's Notice of Deposition (the "Notice"), objects to Mr. Rosen's Cross-Motion to Compel, and states:

### SUMMARY

1. Mr. Rosen's opposition does not overcome the presumption that the deposition of counsel for an adverse party constitutes an invitation to harass the attorney and parties, and to disrupt and delay the proceedings. Instead, Mr. Rosen makes a number of immaterial, impertinent and scandalous allegations against the Deponent and the undersigned. These allegations are untrue, but their tone and spirit buttress, rather than rebut, the presumption that a protective order should be granted. Thus, the Court should grant a protective order.

## ANALYSIS

A. <u>Mr. Rosen cannot meet his burden to overcome the presumption that a protective order is proper.</u>

2. As set forth in the Motion, "the party seeking the deposition must show the propriety and need for the deposition." *W. Peninsular Title Co. v. Palm Beach Cnty.*, 132 F.R.D. 301, 302 (S.D. Fla. 1990). Mr. Rosen has not done so. The only statement which would even address his burden is as follows:

> Who else can answer, e.g., why, in response to Rosen's Notice of 2004 Examination and Rule 30(b)(6) deposition notice to debtor, Grant produced Welt's assistant, Justin Greenbaum who freely admitted that he had zero knowledge as to any of the 4 enumerated 30(b)(6) subjects, whereupon Grant announced that he had complied and that he did not have to produce anyone else?

Opposition at n.3. (scrivener's errors corrected). This footnote, however, fails to demonstrate any need whatsoever for the deposition. First, the question of "why" the former trustee (through counsel) designated[1] a specific witness is likely privileged and/or work product. The analysis should end there, as "the party seeking an attorney's deposition must . . . show that the information sought will not pursue any attorney-client privilege." *W. Peninsular,* 132 F.R.D. at 303. Furthermore, the Notice of Deposition itself [ECF No. 118] (filed and served on June 21, 2013) sets forth as the subject matter

1. The documents set forth [on the *duces tecum*]
2. The matters alleged in Rosen's Motion to Convert Case to Chapter 7 (DE #32)
3. Any and all defenses to the Motion to Convert Case to Chapter 7.
4. All of the matters set forth in the Debtor's Petition, Schedules and Statement of Financial Affairs.

3. The Motion to Convert, however, was withdrawn 10 days prior to the notice. *See* [ECF No. 98] (filed on June 11, 2013). Far from meeting his burden to show a need for a deposition, the sole

---

1 Obviously, Grant disputes that Mr. Greenbaum had "zero" knowledge as to any of the four enumerated subjects.

example cited by Mr. Rosen appears to evidence that the information sought is irrelevant and privileged. Thus, the Court should grant a protective order.

B. <u>The deposition was noticed improperly.</u>

4.     In the Opposition, Mr. Rosen suggests that his procedure in noticing a deposition is to unilaterally notice a deposition first, but then afford the deponent an opportunity to request a different date. As such, Mr. Rosen argues that unilaterally noticing the deposition prior to the response deadline he previously set was proper because he "would have surely obliged as he always does[2]." A "witness is not required to rely on the good faith of the party" noticing the deposition. *Klockner Namasco Holdings Corp. v. Daily Access.Com, Inc.*, 211 F.R.D. 685, 687 (N.D. Ga. 2002). Thus, the Deponent's request for a protective order on those grounds was proper.

C. <u>Mr. Rosen's failure to properly serve a subpoena remains grounds for a protective order.</u>

5.     While Mr. Rosen admits that the Deponent was not served with a subpoena prior to the filing of the Motion, he asserts (after accusing the undersigned of violation of his duty of candor) that this was cured by serving a subpoena five days after the filing of the Motion for a Protective Order. First, the subpoena [ECF No. 514-2] does not comply with Local Rule 7026-1(B) which requires that subpoenas conform to the Local Form "Subpoena in Bankruptcy Proceeding." Indeed, the served subpoena does not provide for the protections afforded by the Local Form, but rather appears to provide for those (less extensive) protections and accommodations afforded by the Florida Rules of Civil Procedure. Additionally, the subpoena was not accompanied by a witness fee. "The rule is clear that a witness is entitled to the fees before appearance is compelled." *Klockner,* 211 F.R.D. at 687 (citing *In re Food Supplement Co., Inc.*, 33 B.R. 188, 189 (Bankr.S.D.Fla.1983)). Thus, the subpoena was improper and deficient, and the Deponent's appearance should not be compelled.

---

2 Mr Rosen has not always obliged.

D. <u>The "scandalous" portions of the Opposition should be stricken.</u>

6.   Those parts of the Opposition that contain immaterial, impertinent, and scandalous material should be stricken from the record pursuant to Rule 12(f). Fed. R. Civ. P., as incorporated by Rule 7012, Fed. R. Bankr. P. "'Scandalous' generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." 2 Moore's Federal Practice § 12.37[3] at 12-97 (footnote omitted). In addition, a statement should be stricken if it is "irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense." *Ass'n of Am. Med. Colleges v. Princeton Review, Inc.*, 332 F. Supp. 2d 11, 22 (D.D.C. 2004). In the instant case, Rosen has made statements, wholly irrelevant to the Motion, for the sole purpose of abusing the process to attack the undersigned and the Deponent's reputation. These include references to "the Pecan style of advocacy," unsupported allegations of violations of the duty of candor, referring to the Motion as "kinderspiel," and suggesting the undersigned is a knave. While these references only confirm that Mr. Rosen seeks to harass Marshall Socarras Grant and its attorneys, they serve no purpose in the Opposition other than to embarrass. Accordingly, these portions of the Opposition should be stricken.

E. <u>Since a protective order should be granted, the cross motion to compel would be moot.</u>

7.   Finally, if this Court grants a protective order, the cross motion to compel should be denied as moot. Even if the protective order is denied, however, the relief sought by Mr. Rosen is improper. First, Mr. Rosen seeks an order of the Court that would allow him to ask questions outside of the stated scope of the deposition by compelling the deponent to answer any questions not subject to privilege. Second, Mr. Rosen's assertion that the Trustee has served the Deponent with a "secret 'private discovery' subpoena" (or that the Deponent has withheld documents) is flatly untrue. Quite simply, at a prior deposition, the Deponent turned over responsive documents to the Successor Trustee, as it is well-settled law that the privileged information flowing out of Marshall Socarras Grant's

representation of the Estate is owned by the Successor Trustee, and thus it is the Successor Trustee's choice whether to assert (or not assert) the privilege.

8. Finally, Mr. Rosen requests the Court appoint a magistrate to attend the deposition. While this admittedly raises academically interesting constitutional questions, the Deponent submits that further waste of judicial resources is absolutely unnecessary.

WHEREFORE, non-party Joe Grant requests this Court enter a protective order, overrule the Opposition, deny the cross-motion and grant such other and further relief as it deems just and proper.

Respectfully submitted,

**MARSHALL SOCARRAS GRANT, P.L.**
*Counsel for Joe Grant*
197 South Federal Highway, Suite 300
Boca Raton, Florida  33432
Telephone No. 561.672.7580
Facsimile No. 561.672.7581
Email:  efile@msglaw.com

By:   /s/ Lawrence E. Pecan
         LAWRENCE E. PECAN
         Florida Bar No. 99086

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this November 18, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served today on the parties listed below, in the manner indicated.

          /s/ Lawrence E. Pecan

LAWRENCE E. PECAN

## SERVED VIA CM/ECF NOTICE

Thomas L Abrams, Esq on behalf of Debtor The Fort Lauderdale Bridge Club, Inc.
tabrams@tabramslaw.com, lmillspaugh@tabramslaw.com;fcolumbo@tabramslaw.com

Paul J. Battista, Esq on behalf of Accountant Soneet R. Kapila
pbattista@gjb-law.com, gjbecf@gjb-law.com

Douglas C Broeker, Esq. on behalf of Creditor Samuel Rosen
doug@broekerlaw.com, Jamie@broekerlaw.com;DocService@broekerlaw.com

Gary M Freedman, Esq on behalf of Trustee Joel L Tabas
gfreedman@tabasfreedman.com, jackie@tabasfreedman.com;lise@tabasfreedman.com

Soneet R. Kapila
mwalker@kapilaco.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Lawrence E Pecan on behalf of Interested Party Marshall Socarras Grant
lpecan@marshallgrant.com, efile@marshallgrant.com;mg197ecfbox@gmail.com

Chad P Pugatch, Esq. on behalf of Interested Party Rice Pugatch Robinson & Schiller, P.A.
cpugatch.ecf@rprslaw.com

Drew M Dillworth on behalf of Creditor Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
ddillworth@stearnsweaver.com,

Damaris D Rosich-Schwartz on behalf of U.S. Trustee Office of the US Trustee
Damaris.D.Rosich-Schwartz@usdoj.gov

Peter E. Shapiro, Esq. on behalf of Creditor Polenberg Cooper Saunders & Riesberg
pshapiro@shapirolawpa.com

Peter E. Shapiro, Esq. on behalf of Interested Party Jon Polenberg
pshapiro@shapirolawpa.com

Peter E. Shapiro, Esq. on behalf of Other Professional Mark D Nichols
pshapiro@shapirolawpa.com

Eric J Silver on behalf of Creditor Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
esilver@stearnsweaver.com, sanderson@stearnsweaver.com;bank@stearnsweaver.com;rross@stearnsweaver.com;larrazola@stearnsweaver.com;cgraver@stearnsweaver.com

Joel L Tabas
JLT@tfsmlaw.com, jtabas@ecf.epiqsystems.com;scott@tfsmlaw.com;kborrego@tabasfreedman.com

Joel L Tabas, Esq on behalf of Trustee Joel L Tabas
jtabas@tabasfreedman.com, jdieguez@tabasfreedman.com;kborrego@tabasfreedman.com

## SERVED VIA US MAIL

Samuel D. Rosen
10175 Collins Ave., Apt. 502
Bal Harbour, FL 33154