**UNITED STATES BANKRUPCTY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:

THE FORT LAUDERDALE                    Case No. 13-14289-LMI
BRIDGE CLUB, INC.,                     Chapter 11

      Debtor.

_____/

## SAMUEL D. ROSEN, CREDITOR *PRO SE'S* RULE 11 MOTION FOR SANCTIONS

COMES NOW, SAMUEL D. ROSEN, Creditor *Pro Se* ("Rosen"), and hereby moves the Court to impose Rule 11 Sanctions, including but not limited to an award of costs and counsel fees, upon Jon Polenberg, Esq., and his firm, Polenberg Cooper Saunders and Reisberg, all pursuant to Rule 11 Fed. R. Civ. P. and Bankruptcy Rule 9011, on the following grounds:

1.      In or about June 2012, Polenberg Cooper, now Polenberg Cooper Saunders and Reisberg (collectively "PCSR"), entered into a seven (7) page retainer agreement with the eight (8) individual defendants in Rosen III to represent them in that action.  Pursuant to that agreement and the two accompanying attachments thereto, it was recited that while PCSR was not representing the Bridge Club therein, the Bridge Club would pay and PCSR would accept said payments from the Bridge Club for the representation of the eight (8) individuals.

2.      There was no limit or even estimate of the amounts the Bridge Club was to pay PCSR for this representation of others.

3.      The retainer agreement also provided that Jon Polenberg would personally take charge of the litigation, would be hands on in it, and set forth the hourly rates PCSR was to

1

charge the Bridge Club for its services to the eight (8), including $200 per hour for the services of junior associate, Mark Nichols.

4.      At all times relevant, PCSR and Jon Polenberg knew or should have known that the Bridge Club's Board of Governors had no authority to enter into any agreement or arrangement to pay for the representation of third parties, *i.e.,* the eight (8), nor did the Club's bylaws provide any such authority.[1]   Indeed, the Bridge Club's Charter and Articles of Incorporation prohibit same.

5.      In addition, it appears that from the outset of the representation and continuing at all times thereafter:

a.      Jon Polenberg was never hands on, having not appeared at a single one of the dozen or so depositions in Rosen III, nor at a single hearing on any of the myriad of motions filed and argued therein; and

b.      PCSR charged the Bridge Club $250, not the agreed $200 per hour for the services of Nichols.  As Nichols, was, in fact, the only PCSR attorney actively involved in Rosen III so that almost all of PCSR's charges to the Bridge Club were for his time, PSCR has over billed the Club by 25% or a total in excess of $20,000 between the bills paid more than 90 days before the Chapter 11 filing ($42,000), those paid within the 90 day preference period ($28,000) and the bill(s) which is the subject of the claim filed in this proceeding ($18,600).

6.      In summary, in addition to all other objections and improprieties respecting the PSCR claim, the amount of overcharges for Nichols' time is greater than the amount of the

---

[1] It is not clear whether the Bridge Club ever signed any document promising to PCSR that it would pay for the representation of the individuals, such a writing would be required under Florida law.  Polenberg, however, has refused to produce any of the engagement documents, the ones referenced in ¶3 *supra* having been produced in incomplete form by Debtor.

claim.  Accordingly, there is no good faith basis in fact or in law for the $18,600 claim filed herein by Jon Polenberg for and on behalf of PCSR.  Its assertion in this proceeding violates Rule 11, Fed. R. Civ. P. and Bankruptcy Rule 9011.

       Dated December 10, 2014            Respectfully submitted,

                                            Samuel D. Rosen
                                            Creditor, *Pro Se*
                                            10175 Collins Avenue
                                            Apt. 502
                                            Bal Harbour, Florida 33154
                                            Tel.: (305) 868-6096
                                            Cell:  (917) 974-7588

## CERTIFICATE OF SERVICE

The undersigned has not read, has not signed, and therefore does not approve or disapprove of the contents of the foregoing, and makes no "Representations to the Court" in accordance with Fed. R. Civ. P. 11(b).  I HEREBY CERTIFY only that a true and correct copy of the foregoing was served via email and/or U.S. mail to the persons listed on the attached Service List this 6th day of January 2014.

*I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-I (A).*

By:/s/ Douglas C. Broeker             
       **Douglas C. Broeker, Esquire**
       Florida Bar No. 306738

4

**SERVICE LIST**

tabrams@tabramslaw.com
pbattista@gjb-law.com
ddillworth@stearnsweaver.com
gfreedman@tabasfreedman.com
jgrant@msglaw.com
mwalker@kapilaco.com
USTPRegion21.MM.ECF@usdoj.gov
lpecan@marshallgrant.com
cpugatch.ecf@rprslaw.com
Damaris.D.Rosich-Schwartz@usdoj.gov
pshapiro@shapirolawpa.com
esilver@stearnsweaver.com
JLT@tfsmlaw.com